United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-60015

RANA MOAZZAM,

Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 156

Before KING, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rana Moazzam is a 33-year-old native and citizen of Pakistan who entered the United States as a visitor for a fourth and final time on December 31, 2001. After staying in the United States longer than permitted, he was placed in removal proceedings on March 25, 2003. On April 14, 2004, Moazzam testified before an Immigration Judge ("IJ") that he was a member of the Muttahida

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Quami Movement ("MQM"), a large political party in Pakistan, and that he had been physically abused and beaten as a result of that affiliation. The IJ found no evidence to support a finding of past torture or persecution, and also found that Moazzam could viably relocate within Pakistan to avoid any potential persecution based on his allegiance to MQM. The IJ therefore rejected Moazzam's pleas for asylum and withholding of removal, and ordered him removed from the United States.

The Board of Immigration Appeals ("BIA") affirmed that ruling on August 22, 2005. Moazzam did not seek review of that decision, but on November 15, 2005, Moazzam moved to reopen his immigration proceedings pursuant to 8 C.F.R. § 1003.2(c)(3)(ii). He argued that conditions had changed in Pakistan, and sought to introduce evidence to that effect. On December 12, 2005, the BIA found that the new evidence was not likely to change the result in the case and denied the motion to reopen. Moazzam appealed.

We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The relevant question is "'whether the Board has acted within the bounds of an abundant discretion granted it by Congress,'" and we will not reverse that decision, even if we deem it erroneous, unless it is "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result

2

of any perceptible rational approach.'" *Id.* at 304 (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993).

Moazzam attached three exhibits to his motion to reopen that he believed demonstrated changed conditions in his native Pakistan. Two of these were articles about sectarian violence in Pakistan released in late 2005; the third was a country report on Pakistan issued by the State Department in February of 2005. The BIA found the evidence unpersuasive, saying that it "consists only of general reports of continuing political violence in Pakistan, and contains no information *specifically relating to the respondent*" (emphasis added). The italicized language is the basis of Moazzam's appeal. He argues that the BIA misapplied the law and imposed upon him a burden to show that he, individually and personally, is likely to face persecution upon his return to Pakistan, when in fact it would be sufficient to show that he is a member of MQM, and that there is a pattern or practice of persecution against MQM members. 8 C.F.R. § 1208.16(b)(2)(I).

Moazzam is quite right about the law, but we find his argument unavailing. Moazzam reads too much into the italicized phrase above. Though the wording of the order is clumsy, we do not read it as imposing a uniquely high threshold on Moazzam, nor as misconstruing the relevant legal standard. Rather, we read it to say that the new evidence spoke more to ongoing violence in Pakistan generally, and not to persecution suffered by members of

3

MQM—and thus, Moazzam—specifically. Our review of the new evidence confirms that this is certainly true. The evidence suggests ongoing violence among and against many sectarian groups in Pakistan, but there is no indication that said violence was on the rise, either in general terms or against members of MQM, since the BIA's initial ruling. In light of the record evidence, then, we cannot say that the BIA's decision was "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Zhao*, 404 F.3d at 304 (internal quotation omitted).

The petition for review is DENIED.